NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001314**
**09-FEB-2016**
**08:51 AM**

NO. CAAP-14-0001314

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JULIANA YOTSUJI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-14-0003960)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Juliana Yotsuji (Yotsuji) appeals from the Notice of Entry of Judgment and/or Order, entered on October 23, 2014 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Yotsuji was convicted of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (2014).[2]

On appeal, Yotsuji contends (1) there was insufficient evidence to demonstrate she acted with the requisite intent and that the State failed to prove that the complaining witness was subjected to an offensive contact and (2) the District Court

---

[1]    The Honorable Ronald A. Albu presided.

[2]    HRS § 711-1106(1)(a) states:

§711-1106 **Harassment.** (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

(a)    Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

plainly erred by failing to provide her with an opportunity to be heard prior to imposition of a sentence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yotsuji's points of error as follows:

(1) Yotsuji argues that (a) there was insufficient evidence to prove beyond a reasonable doubt that she acted with the requisite state of mind to harass the complaining witness and (2) there was insufficient evidence to prove beyond a reasonable doubt that Yotsuji subjected the complaining witness to offensive physical contact.

Given the difficulty of proving the requisite state of mind by direct evidence, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient. State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999). "Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Id. (internal quotation marks omitted) (quoting State v. Sadino, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)). Yotsuji testified that, after the complaining witness failed to timely pay her rent, Yotsuji disconnected the internet service in the apartment and admitted that she attempted to grab a phone from the complaining witness's hand. Although Yotsuji denied grabbing the complaining witness, the complaining witness testified that Yotsuji strongly grabbed her wrists and shook her, causing scratches, bruising, and pain. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citations, internal quotation marks, and brackets omitted). It is reasonable to infer, given the testimony presented, that Yotsuji intended to harass, annoy, or alarm the complaining witness by grabbing her wrists in an attempt to take away her

2

phone. Contrary to Yotsuji's claim, based on the testimony offered, there was also substantial evidence that Yotsuji touched the complaining witness in an offensive manner or subjected the complaining witness to offensive physical contact when she caused scratches, bruising, and pain when grabbing the complaining witness's wrists.

(2) Yotsuji claims her right of allocution prior to sentencing was violated when the District Court failed to personally address her and afford her a fair opportunity to be heard. The State concedes that the District Court erred by failing to afford Yotsuji an opportunity to be heard prior to imposition of a sentence. HRS § 706-604(1) (2014) requires that "[b]efore imposing sentence, the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition." In addition, Hawai'i Rules of Penal Procedure Rule 32(a) specifies "[b]efore suspending or imposing sentence, the court shall address the defendant personally and afford a fair opportunity to the defendant and defendant's counsel, if any, to make a statement and present any information in mitigation of punishment." Thus, the District Court erred by failing to allow Yotsuji an opportunity to be heard and present information in mitigation of punishment. State v. Davia, 87 Hawai'i 249, 255, 953 P.2d 1347, 1353 (1998). The remedy for such error is resentencing before a different judge "because the district court judge who originally sentenced Defendant has already made a sentencing determination." State v. Chow, 77 Hawai'i 241, 251 n.13, 883 P.2d 663, 673 n.13 (App. 1994) (citing Schutter v. Soong, 76 Hawai'i 187, 208 n.6, 873 P.2d 66, 87 n.6 (1994)).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on October 23, 2014 in the District Court of the First Circuit, Honolulu Division is affirmed in part and vacated in part. Yotsuji's conviction for

3

Harassment is affirmed. Yotsuji's sentence is vacated and the case is remanded for resentencing before a different judge.

DATED: Honolulu, Hawai'i, February 9, 2016.

On the briefs:

Reiko A. Bryant,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge